**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|   |   |
|---|---|
| **CLIFTON LEGRAND GAITHER**, | * |
| Plaintiff, | * |
| v. | *  Case No.: RWT 11cv3548 |
| **KATHLEEN S. GREEN**, *et al*., | * |
| Defendants. | * |

**MEMORANDUM OPINION**

Clifton LeGrand Gaither is incarcerated within the Maryland Division of Correction (DOC) and housed at the Eastern Correctional Institution at Westover. On January 21, 2010, Gaither entered an *Alford*[1] plea in the Circuit Court for Anne Arundel County to one count of solicitation to commit first-degree murder. ECF No. 3, Ex. 1 at 3-4, 13; ECF No. 1 at 1. Gaither was sentenced that day to serve fifty years in prison, with all but twenty-five years suspended and five years' probation upon release. *Id.*, Ex. 1 at 3-4, 13. He has not contested that conviction by way of appeal or by way of post-conviction review.

On December 9, 2011, Gaither sought habeas corpus relief in this court. His attack on his Anne Arundel County conviction centers on a claim of entrapment. Gaither apparently was taken into custody for an alleged parole violation and held at the Jessup Correctional Institution (JCI) to await his parole revocation hearing. Gaither states his case manager told him the hearing would take place prior to the maximum expiration date of his sentence, February 2, 2009. On February 3, 2009, he complained that he should be transferred out of the DOC and instead held

---

[1] The plea permits a criminal defendant to enter the equivalent of a guilty plea by admitting there is enough evidence to convict him at trial, but maintaining his innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

at a county correctional facility because his sentence had expired.  One day later, a Maryland State Police undercover agent met with Gaither at JCI to gather evidence that led to his most recent conviction.  ECF No. 1 at 2-5.   Respondents contend this court cannot consider Gaither's entrapment claim because he has failed to exhaust the claim in the state courts.

     A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted.  *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodrieguez*, 411 U.S. 475, 491 (1973).  Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).  If state court remedies have yet to be exhausted, the federal court must dismiss the § 2254 petition without prejudice to allow the petitioner to return to state court. *See Slayton v. Smith*, 404 U.S. 53 (1971).

     For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-201 and § 12-301. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  *See* Md. Crim. Proc. Code Ann. § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202.  If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  *See Williams v. State,* 292 Md. 201, 210-11 (1981).

Clearly, Gaither has failed to exhaust his state court remedies. He may return to this court by filing a new habeas corpus petition after completing exhaustion. He is cautioned, however, that there is a one-year filing deadline for state prisoners filing applications for a writ of habeas corpus in federal court. *See* 28 U.S.C. § 2244(d).[2] A properly filed appeal or post-conviction petition will serve to toll or "stop" the running of the one-year limitations period for § 2254 petitions. Should he intend to refile this petition after his available state court remedies are exhausted, Gaither should take care not to miss this deadline.[3]

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless Petitioner demonstrates both "1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

---

[2] This section provides:

  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] Gaither is reminded that only a properly filed application for state post-conviction review will toll the running of the one-year federal limitations period. The court makes no finding as to whether Gaither already is time-barred from seeking habeas corpus review.

constitutional right and 2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation omitted).  Gaither fails to satisfy this standard or show substantial denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  Accordingly, a Certificate of Appealability shall be denied.  A separate Order follows.


February 22, 2012                                              _____/s/_____
Date                                                                              ROGER W. TITUS
                                                                              UNITED STATES DISTRICT JUDGE